Brian E. J. Martin (MA #679633; VT #4895)
Phone: 202-435-7357
brian.martin@cfpb.gov

Sarah E. Trombley (NY #4494977; MA #625080)
Phone: 202-435-9735
sarah.trombley@cfpb.gov

Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20522
Facsimile: (202) 435-7722

Attorneys for Plaintiff
CONSUMER FINANCIAL PROTECTION BUREAU

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>Plaintiff,<br><br>v.<br><br>Frank Ronald Gebase, Jr.,<br><br>Defendant. | Case No. '22CV844  W    JLB<br><br>**COMPLAINT FOR PERMANENT INJUNCTION AND OTHER RELIEF** |

The Consumer Financial Protection Bureau ("Bureau"), brings this action against Defendant Frank Ronald Gebase, Jr. ("Gebase" or "Defendant"), and alleges the following:

# INTRODUCTION

1. Between 2016 and 2017, via recurring monthly transactions, Defendant controlled a student loan debt relief business that withdrew hundreds of thousands of dollars from hundreds of consumer bank accounts without consumer authorization. These same consumers had been previously harmed by violations of law committed by Student Aid Institute and Steven Lamont. *In the Matter of Student Aid Institute, Inc., Steven Lamont*, File No. 2016-CFPB-0008 (March 30, 2016) (SAI Consent Order).

2. The Bureau brings this action under the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531, 5536(a), 5564, and 5565 in connection with (1) Defendant's unfair acts or practices in connection with unauthorized withdrawals of funds from consumer bank accounts; and (2) Defendant's substantial assistance to a debt-relief company engaging in unfair acts or practices in connection with such withdrawals.

# JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over this action because it is "brought under Federal consumer financial law," 12 U.S.C. § 5565(a)(1); presents a federal question, 28 U.S.C. § 1331; and is brought by an agency of the United States, 28 U.S.C. § 1345.

4. Venue is proper in this district because Defendant is located, resides, or does business here. 12 U.S.C. § 5564(f).

# PARTIES

5. The Bureau is an independent agency of the United States charged with regulating the offering and provision of consumer financial products and services under Federal consumer financial laws, including the CFPA. 12 U.S.C. §§ 5481(14), 5491(a). The Bureau is authorized to initiate federal district court proceedings in its own name and through its own attorneys to address violations of the CFPA and federal consumer financial laws, 12 U.S.C. § 5564.

6. Defendant is a natural person who resides in this district.

7. Defendant was the founder, sole owner, CEO, and sole corporate officer of Processingstudentloans, a California corporation that operated within this district.

8. From approximately May 20, 2016 to April 5, 2017, Processingstudentloans was a non-bank provider of student-loan debt-relief services, including recertifying U.S. Department of Education federal student-loan repayment programs on behalf of consumers.

## FACTUAL BACKGROUND

### *Student Aid Institute*

9. On March 30, 2016, the Bureau issued the SAI Consent Order against Student Aid Institute ("SAI") and its principal, Lamont.

10. SAI was a student-loan debt-relief services company that advertised it could obtain total loan forgiveness and reduced payments for consumers. SAI entered into agreements with consumers that required consumers to pay an upfront fee, in addition to a monthly fee.

11. As stated in the SAI Consent Order, the Bureau found that SAI engaged in deceptive acts or practices in violation of the CFPA, 12 U.S.C. §§ 5531(a), 5536(a)(1)(B) and the Telemarketing Sales Rule, 16 C.F.R. 310.3(a)(2)(vii) and (x); charged illegal advance fees in violation of the Telemarketing Sales Rule, 16 C.F.R. § 310.4(a)(5); and failed to provide required privacy notices in violation of Regulation P, 12 C.F.R. §§ 1016.4(a), 1016.5(a).

12. Among other provisions, the SAI Consent Order required SAI to cease operations, and rescinded all SAI consumer agreements, rendering those agreements null and void.

### *Processingstudentloans*

13. In or about February 2016, Gebase founded Processingstudentloans. Gebase filed Articles of Incorporation and a Statement of Information with the California

3

Secretary of State indicating he was the sole owner, sole officer, and sole director of the corporation.

14. Processingstudentloans did not solicit new consumers, but instead obtained student-loan account and billing information for hundreds of former SAI consumers without the knowledge or consent of those consumers.

15. Processingstudentloans continued some aspects of SAI's business by recertifying enrollment in federal student-loan repayment programs on behalf of consumers.

16. Processingstudentloans did not enter into any contracts or agreements with consumers.

17. In or about April 2016, Gebase hired former-SAI employee Lisa M. Vakay to be the account manager at Processingstudentloans.

18. Vakay was Processingstudentloans' sole account manager and Processingstudentloans' only permanent employee apart from Gebase.

19. Vakay handled day-to-day consumer-facing activity at Processingstudentloans, including managing consumers' accounts, consumer billing, and consumer correspondence.

20. In May 2016, Processingstudentloans began collecting fees from consumer bank accounts by arranging for a third-party payment processor to issue remotely created checks against consumer accounts.

21. After withdrawing money from consumer accounts on behalf of Processingstudentloans, that same third-party payment processor transferred money to Processingstudentloans bank accounts opened and controlled by Gebase.

22. Processingstudentloans collected recurring fees from consumers, typically $39 per month, and collected hundreds of thousands of dollars in total fees from hundreds of consumers.

23. Processingstudentloans never obtained consumers' authorization for the withdrawals from those consumers' accounts.

24. Processingstudentloans received consumer complaints and correspondence, including consumer correspondence questioning why consumer's accounts continued to be debited despite SAI being shut down.

25. In March 2017, Processingstudentloans stopped collecting fees from consumers.

26. On April 5, 2017, Gebase filed Articles of Dissolution on behalf of Processingstudentloans with the California Secretary of State.

### Role of Gebase at Processingstudentloans

27. Gebase applied for, opened, and controlled Processingstudentloans' corporate bank accounts, including depository and checking accounts at no less than four different banks.

28. Gebase applied for, opened, and controlled Processingstudentloans' corporate credit accounts.

29. Gebase used his personal credit cards for business expenses to finance Processingstudentloans' payments to a service provider.

30. Gebase provided office space to Processingstudentloans, arranging for Processingstudentloans to pay rent to him for the use of office space at a property he already controlled.

31. Gebase opened and maintained Processingstudentloans' merchant account with the third-party payment processor, by signing agreements on behalf of Processingstudentloans and repeatedly providing Processingstudentloans' banking and routing information to that third-party payment processor.

32. Gebase had the authority to control the unauthorized withdrawals from consumers' bank accounts.

33. Gebase claims he did not run Processingstudentloans and claims he did not monitor Processingstudentloans or Processingstudentloans' employees.

34. Gebase knew of, or was recklessly indifferent to, the fact that Processingstudentloans was debiting consumers' accounts and that Processingstudentloans did not obtain consumer authorization for those withdrawals.

## LEGAL BACKGROUND

35. Sections 1031 and 1036(a)(1)(B) of the CFPA, 12 U.S.C. §§ 5531, 5536(a)(1)(B), prohibit "covered person[s]" and "service provider[s]" from engaging in any "unfair, deceptive, or abusive act or practice."

36. Processingstudentloans is a "covered person" under the CFPA because it offered or provided consumer financial products or services, including services such as assisting consumers with debt-relief services. 12 U.S.C. § 5481(5), (6), (15)(A)(viii).

37. Section 1002(25) of the CFPA defines the term "related person" to mean "any director, officer, or employee charged with managerial responsibility for, or controlling shareholder of," or "any . . . other person . . . who materially participates in the conduct of the affairs of" a non-bank provider of a consumer financial product or service. 12 U.S.C. § 5481(25).

38. Under the CFPA, a "related person" is a covered person. 12 U.S.C. § 5481(25)(B).

39. Gebase is a related person of Processingstudentloans because he was an "officer" and because he was a "controlling shareholder" of Processingstudentloans. 12 U.S.C. § 5481(25)(C)(i) and (ii). Therefore, Gebase is a covered person.

## COUNT I: UNFAIR ACTS AND PRACTICES

### *Unfair Debiting of Consumer Accounts*

40. The allegations in paragraphs 1 to 39 are incorporated here by reference.

41. The CFPA prohibits any covered person from engaging in any unfair act or practice. An act or practice is unfair if it causes or is likely to cause consumers substantial

injury that is not reasonably avoidable, and that substantial injury is not outweighed by countervailing benefits to consumers or to competition.

42. Processingstudentloans' unauthorized fee collection from consumers' bank accounts caused and was likely to cause substantial injury to consumers.

43. Consumers were unable to reasonably avoid Processingstudentloans' unauthorized debiting of consumers' accounts.

44. Processingstudentloans' debits to consumer accounts did not benefit consumers or competition.

45. In numerous instances in connection with debiting consumer accounts without consumer authorization, Gebase had the ability to control Processingstudentloans and acted with reckless disregard for the unauthorized fee collection from consumers' bank accounts.

46. Processingstudentloans' debits to consumer accounts were unfair under the CFPA. 12 U.S.C. §§ 5531, 5536.

47. Gebase is a covered person who engaged in unfair acts or practices in violation of Section 1036(a)(1)(B) of the CFPA, 12 U.S.C. § 5536(a)(1)(B).

## COUNT II: SUBSTANTIAL ASSISTANCE

### *Substantial Assistance in the Unfair Debiting of Consumer Accounts*

48. The allegations in paragraphs 1 to 39 are incorporated here by reference.

49. Section 1036(a)(3) of the CFPA prohibits any person from "knowingly or recklessly provid[ing] substantial assistance to a covered person or service provider in violation of the provisions of section 1031" and states that "the provider of such substantial assistance shall be deemed to be in violation of that section to the same extent as the person to whom such assistance is provided." 12 U.S.C. § 5536(a)(3).

50. Gebase provided substantial assistance to Processingstudentloans' unfair practices, including by providing office space, establishing company bank accounts and

credit cards, establishing and maintaining a payment-processor account, and covering business expenses from his personal accounts.

51. Gebase knew or recklessly avoided knowing that Processingstudentloans debited consumer bank accounts without consumer authorization.

52. To the extent Gebase was not actually aware that his company lacked consumer authorization for bank account debits, he recklessly avoided knowing what happened at the consumer financial services company for which he was sole owner, CEO, and sole corporate officer by failing to supervise or monitor the company's business.

53. Gebase thus provided substantial assistance to Processingstudentloans in its unfair acts or practices, in violation of Section 1036(a)(3) of the CFPA. 12 U.S.C. § 5563(a)(3).

## DEMAND FOR RELIEF

**WHEREFORE**, the Bureau requests that the Court:

a. Permanently enjoin Defendant from committing future violations of the CFPA;

b. Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendant's violations of the CFPA, including, but not limited to, rescission or reformation of contracts; refund of moneys or return of property; restitution; disgorgement or compensations for unjust enrichment; payment of damages; or other monetary relief;

c. Impose civil money penalties against Defendant;

d. Award costs against Defendant;

e. Award Plaintiff the costs of bringing this action;

f. Award other injunctive relief as appropriate; and

g. Award additional relief as the Court may determine to be just and proper.

Dated: June 9, 2022

Respectfully submitted,

Eric Halperin
*Enforcement Director*

Deborah Morris
*Deputy Enforcement Director*

Alusheyi Wheeler
*Assistant Deputy Enforcement Director*

 /s/ Brian E. J. Martin
Brian E. J. Martin (MA #679633; VT #4895)
Sarah E. Trombley (NY #4494977; MA #625080)
*Enforcement Attorneys*
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
Telephone (Martin) 202-435-7357
Telephone (Trombley) 202-435-9735
Fax: 202-435-7722
E-mail: brian.martin@cfpb.gov
E-mail: sarah.trombley@cfpb.gov