EXHIBT A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>       Plaintiff,<br><br>       v.<br><br>Frank Ronald Gebase, Jr.,<br><br>       Defendant. | Case No. 3:22-cv-00844-W-JLB<br><br><br>**STIPULATED FINAL JUDGMENT AND ORDER** |

    The Consumer Financial Protection Bureau ("Bureau") commenced this civil action on June 9, 2022, to obtain injunctive relief and civil penalties, from Frank Ronald Gebase, Jr. ("Defendant"). The Complaint alleges that, in connection with providing Debt Relief Products or Services to consumers with student loans, certain entities and individuals, including but not limited to Defendant, engaged in unfair debiting of consumer accounts in violation of sections 1031 and 1036(a)(1)(B) of the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531 and 5536(a)(1)(B), and provided substantial assistance in the unfair debiting of consumer accounts in violation of § 1036(a)(3) of the CFPA, 12 U.S.C. §§ 5531 and 5536(a)(3).

    The Bureau and Defendant agree to entry of this Stipulated Final Judgment and Order ("Order"), without adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the conduct alleged in the Complaint.

    **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

### FINDINGS

    1.    This Court has jurisdiction over the parties and the subject matter of this action.

2. The acts and practices set forth in the Complaint have resulted in $240,995 in harm to Affected Consumers.

3. Defendant neither admits nor denies the allegations in the Complaint, except as specified in this Order. For purposes of this Order, Defendant admits the facts necessary to establish the Court's jurisdiction over him and the subject matter of this action.

4. Defendant waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order and any claim he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. Each Party agrees to bear its own costs and expenses, including, without limitation, attorneys' fees.

5. Entry of this Order is in the public interest.

## DEFINITIONS

6. The following definitions apply to this Order:

   a. "**Affected Consumers**" includes all consumers whose bank accounts were debited, directly or indirectly, by Processingstudentloans.

   b. "**Assist[ing] Others**" includes, but is not limited to:

      i. formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including but not limited to any telephone-sales script, direct-mail solicitation, or the text of any Internet website, email, or other electronic communication;

      ii. providing names of, or contributing to the generation of, potential customers;

   iii. participating in or providing services related to the offering, sale, or servicing of a product, or the collection of payments for a product;

   iv. acting or serving as an owner, officer, director, manager, principal, partner, limited partner, member, or employee of any entity;

   v. investing or loaning money;

   vi. providing paralegal or administrative support services; and

   vii. performing customer service functions, including but not limited to, receiving or responding to consumer complaints.

 c. **"Consumer Financial Product or Service"** is synonymous in meaning and equal in scope to the definition of the term in the CFPA, 12 U.S.C. § 5481(5), and, subject to applicable restrictions contained in the CFPA, includes but is not limited to:

   i. providing financial advisory services to consumers on individual consumer financial matters or relating to proprietary financial products or services, including providing credit counseling to any consumer or providing services to assist a consumer with debt management or debt settlement, modifying the terms of any extension of credit, or avoiding foreclosure; and

   ii. engaging in deposit-taking activities, transmitting or exchanging funds, or otherwise acting as a custodian of funds or any financial instrument for use by or on behalf of a consumer.

 d. **"Debt Relief Product or Service"** means any product, service, plan, or program represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt, including but not limited to a student loan debt, mortgage loan debt, credit card debt, or tax debt or obligation, between a person and one or

3

more creditors or debt collectors, including, but not limited to, a reduction in the balance, interest rate, or fees owed by a person to a creditor or debt collector.

e. "**Defendant**" means Frank Ronald Gebase, Jr., and any other name by which he is known.

f. "**Effective Date**" means the date on which the Order is entered by the Court.

g. "**Enforcement Director**" means the Assistant Director of the Office of Enforcement for the Consumer Financial Protection Bureau, or his or her delegate.

h. "**Financial Advisory Services**" is synonymous in meaning and equal in scope to its usage in the CFPA, 12 U.S.C. § 5481(15)(A)(viii) and includes providing services to consumers on individual financial matters or relating to proprietary financial products or services, including but not limited to:

   i. providing credit counseling to any consumer; and
   ii. providing services to assist a consumer with debt management or debt settlement, or modifying the terms of any extension of credit.

i. "**Person**" means an individual, partnership, company, corporation, association (incorporated or unincorporated), trust, estate, cooperative organization, or other entity.

j. "**Processingstudentloans**" means the nonbank California corporation incorporated by the Defendant in or about February 2016.

k. "**Related Consumer Action**" means a private action by or on behalf of one or more consumers or an enforcement action by another governmental agency brought against Defendant based on substantially the same facts as described in the Complaint.

l. **"Student Aid Institute, Inc."** and **"SAI"** means the dissolved company that was the subject of the Bureau's 2016 consent order, *In the Matter of Student Aid Institute, Inc., Steven Lamont*, File No. 2016-CFPB-0008 (March 30, 2016).

## ORDER

## CONDUCT PROVISIONS

### I

**Permanent Ban on Offering or Providing Debt Relief Products or Services, Offering or Providing Financial Advisory Services, And Other Activities**

**IT IS ORDERED that:**

7. Defendant, whether acting directly or indirectly, including, but not limited to acting through another Person, is permanently restrained from:

    a. advertising, marketing, promoting, offering, selling, or providing Debt Relief Products or Services and Assisting Others in connection with advertising, marketing, promoting, offering, selling, or providing Debt Relief Products or Services;

    b. advertising, marketing, promoting, offering, selling, or providing Financial Advisory Services, and Assisting Others in connection with advertising, marketing, promoting, offering, selling, or providing Financial Advisory Services; and

    c. as the sender, recipient, or in any other capacity, using remotely created checks in connection with offering or providing, or Assisting Others in connection with offering or providing, any Consumer Financial Product or Service.

Nothing in this Order shall be read as an exception to this Paragraph.

### II

## Customer Information

**IT IS FURTHER ORDERED that:**

8. Defendant, and his agents, servants, employees, and attorneys and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, may not: disclose, use, or benefit from customer information of the Defendant, Student Aid Institute, Inc., or Processingstudentloans, including names, addresses, telephone numbers, email addresses, social security numbers, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), in connection with Financial Advisory Services or Debt Relief Products or Services.

*However*, this Order does not prohibit the disclosure of consumer information if lawfully requested by a government agency or required by law, regulation, or court order.

### III

## Customer Payments

9. Defendant, and his agents, servants, employees, and attorneys and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, may not: attempt to collect, sell, assign, or otherwise transfer any right to collect payment from any consumer who paid for, purchased, or agreed to purchase Financial Advisory Services or Debt Relief Products or Services from Defendant, SAI, or Processingstudentloans.

## MONETARY PROVISIONS

### IV

## Order to Pay Civil Money Penalty

**IT IS FURTHER ORDERED** that:

10. Under Section 1055(c) of the CFPA, 12 U.S.C. § 5565(c), by reason of the violations of law alleged in the Complaint, and taking into account the factors in 12

U.S.C. § 5565(c)(3), Defendant must pay a civil money penalty of $175,000 to the Bureau.

11. Within 90 days of the Effective Date, Defendant must pay the civil money penalty by wire transfer to the Bureau or to the Bureau's agent in compliance with the Bureau's wiring instructions.

12. Within 10 days of the Effective Date, Defendant must pay $75,000 of the civil money penalty by wire transfer to the Bureau or to the Bureau's agent in compliance with the Bureau's wiring instructions. Within 90 days of the Effective Date, Defendant must pay the remaining $100,000 of the civil money penalty to the Bureau or the Bureau's agent in compliance with the Bureau's wiring instructions.

13. The civil money penalty paid under this Order will be deposited in the Civil Penalty Fund of the Bureau as required by Section 1017(d) of the CFPA, 12 U.S.C. § 5497(d).

14. Defendant must treat the civil money penalty paid under this Order as a penalty paid to the government for all purposes. Regardless of how the Bureau ultimately uses those funds, Defendant may not:

    a. Claim, assert, or apply for a tax deduction, tax credit, or any other tax benefit for any civil money penalty paid under this Order; or

    b. Seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, with regard to any civil money penalty paid under this Order.

15. Defendant agrees that the civil penalty imposed by the Order represents a civil penalty owed to the United States Government, is not compensation for actual pecuniary loss, and, thus, as to Defendant, it is not subject to discharge under the Bankruptcy Code under 11 U.S.C. § 523(a)(7).

V

## Additional Monetary Provisions

**IT IS FURTHER ORDERED** that:

16. In the event of any default on Defendant's obligations to make payment under this Order, interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding amounts not paid from the date of default to the date of payment, and will immediately become due and payable.

17. Defendant relinquishes all dominion, control, and title to the funds paid under this Order to the fullest extent permitted by law and no part of the funds may be returned to Defendant.

18. The facts alleged in the Complaint will be taken as true and be given collateral estoppel effect, without further proof, in any proceeding based on the entry of the Order, or in any subsequent civil litigation by or on behalf of the Bureau, including in a proceeding to enforce its rights to any payment or monetary judgment under this Order, such as a nondischargeability complaint in any bankruptcy case.

19. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Bureau under to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A). For such purposes, this Order will have collateral estoppel effect against the Defendant, even in such Defendant's capacity as debtor-in-possession.

20. Under 31 U.S.C. § 7701, Defendant, unless he already has done so, must furnish to the Bureau his taxpayer-identification numbers, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

21. Within 30 days of the entry of a final judgment, order, or settlement in a Related Consumer Action, Defendant must notify the Enforcement Director of the final judgment, order, or settlement in writing. That notification must indicate the amount of redress, if any, that Defendant paid or is required to pay to consumers and describe the consumers or classes of consumers to whom that redress has been or will be paid. To

preserve the deterrent effect of the civil money penalty in any Related Consumer Action, Defendant may not argue that Defendant is entitled to, nor may Defendant benefit by, any offset or reduction of any monetary remedies imposed in the Related Consumer Action because of the civil money penalty paid in this action or because of any payment that the Bureau makes from the Civil Penalty Fund. If the court in any Related Consumer Action offsets or otherwise reduces the amount of compensatory monetary remedies imposed against Defendant based on the civil money penalty paid in this action or based on any payment that the Bureau makes from the Civil Penalty Fund, Defendant must, within 30 days after entry of a final order granting such offset or reduction, notify the Bureau and pay the amount of the offset or reduction to the U.S. Treasury. Such a payment will not be considered an additional civil money penalty and will not change the amount of the civil money penalty imposed in this action.

22. Upon written request of a representative of the Bureau, any consumer reporting agency must furnish consumer reports to the Bureau concerning Defendant under Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C.§ 168l b(a)(1), which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

## COMPLIANCE PROVISIONS

## VI

### Reporting Requirements

**IT IS FURTHER ORDERED** that:

23. Defendant must notify the Bureau of any development that may affect compliance obligations arising under this Order, including but not limited to the filing of any bankruptcy or insolvency proceeding by or against Defendant, or a change in Defendant's name or address. Defendant must provide this notice, if practicable, at least 30 days before the development, but in any case no later than 14 days after the development.

24. Within 7 days of the Effective Date, Defendant must:
   a. Designate at least one telephone number and email, physical, and postal addresses as points of contact that the Bureau may use to communicate with Defendant;
   b. Identify Defendant's telephone numbers and all email, Internet, physical, and postal addresses, including all residences;
   c. Identify all businesses for which Defendant is the majority owner, or that Defendant directly or indirectly controls, by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;
   d. Describe the activities of each such business, including the products and services offered, and the means of advertising, marketing, and sales; and
   e. Describe in detail the Defendant's involvement in any business for which he performs services in any capacity or which he wholly or partially owns, including Defendant's title, role, responsibilities, participation, authority, control, and ownership.

25. Defendant must report any change in the information required to be submitted under Paragraph 24 at least 30 days before the change or as soon as practicable after learning about the change, whichever is sooner.

26. Ninety (90) days after the Effective Date, and again one year after the Effective Date, Defendant must submit to the Enforcement Director an accurate written compliance progress report sworn to under penalty of perjury (Compliance Report), which, at a minimum:
   a. Lists each applicable paragraph and subparagraph of the Order and describes in detail the manner and form in which Defendant has complied with each such paragraph and subparagraph of this Order;
   b. Attaches a copy of each Order Acknowledgment obtained under Section VII, unless previously submitted to the Bureau.

# VII

## Order Distribution and Acknowledgment

**IT IS FURTHER ORDERED** that,

27. Within 7 days of the Effective Date, Defendant must submit to the Enforcement Director an acknowledgment of receipt of this Order, sworn under penalty of perjury.

28. Within 30 days of the Effective Date, Defendant, for any Consumer Financial Product or Service business, any Debt Relief Product or Service business, or any Financial Advisory Service business, for which he is the majority owner or which he directly or indirectly controls, must deliver a copy of this Order to each of its board members and executive officers, as well as to any managers, employees, service providers, or other agents and representatives who have responsibilities related to the subject matter of the Order.

29. For 5 years from the Effective Date, Defendant, for any Consumer Financial Product or Service business, any Debt Relief Product or Service business, or any Financial Advisory Service business, for which he is the majority owner or which he directly or indirectly controls, must deliver a copy of this Order to any business entity resulting from any change in structure referred to in Section VI, any future board members and executive officers, as well as to any managers, employees, service providers, or other agents and representatives who will have responsibilities related to the subject matter of the Order before they assume their responsibilities.

30. Defendant must secure a signed and dated statement acknowledging receipt of a copy of this Order, ensuring that any electronic signatures comply with the requirements of the E-Sign Act, 15 U.S.C. §§ 7001-7006, within 30 days of delivery, from all Persons receiving a copy of this Order under this Section.

31. Within 90 days of the Effective Date, Defendant must provide the Bureau with a list of all Persons and their titles to whom this Order was delivered through that

date under Paragraphs 28 and 29 and a copy of all signed and dated statements acknowledging of receipt of this Order under Paragraph 30.

## VIII
## Recordkeeping

**IT IS FURTHER ORDERED** that

32. Defendant must create and retain the following business records: All documents and records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Bureau. Defendant must make these documents available to the Bureau upon the Bureau's request.

## IX
## Notices

**IT IS FURTHER ORDERED** that:

33. Unless otherwise directed in writing by the Bureau, Defendant must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "*CFPB v. Frank R. Gebase, Jr.,* Case No. 3:22-cv-00844-W-JLB," by email to Enforcement_Compliance@cfpb.gov:

Assistant Director for Enforcement

Consumer Financial Protection Bureau

ATTENTION: Office of Enforcement

1700 G Street, N.W.

Washington D.C. 20552

## X
## Cooperation with the Bureau

**IT IS FURTHER ORDERED** that:

34. Defendant must cooperate fully to help the Bureau determine the identity and location of, and the amount of injury sustained by, each Affected Consumer.

Defendant must provide such information in his or his agents' possession or control within 14 days of receiving a written request from the Bureau.

35. Defendant must cooperate fully with the Bureau in this matter and in any investigation or litigation related to or associated with the conduct described in the Complaint. Defendant must provide truthful and complete information, evidence, and testimony. Defendant must appear for interviews, discovery, hearings, trials, and any other proceedings that the Bureau may reasonably request upon 15 days written notice, or other reasonable notice, at such places and times as the Bureau may designate, without the service of compulsory process.

## XI

## Compliance Monitoring

**IT IS FURTHER ORDERED** that, to monitor Defendant's compliance with this Order:

36. Within 14 days of receipt of a written request from the Bureau, Defendant must submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; provide sworn testimony; or produce documents.

37. For purposes of this Section, the Bureau may communicate directly with Defendant, unless Defendant retains counsel related to these communications.

38. Defendant must permit Bureau representatives to interview any employee or other Person affiliated with Defendant who has agreed to such an interview regarding: (a) this matter; (b) anything related to or associated with the conduct described the Complaint; or (c) compliance with this Order. The Person interviewed may have counsel present.

39. Nothing in this Order will limit the Bureau's lawful use of compulsory process, under 12 C.F.R. § 1080.6.

## XII

## Retention of Jurisdiction

**IT IS FURTHER ORDERED** that:

40. The Court will retain jurisdiction of this matter for the purpose of enforcing this Order.

**IT IS SO ORDERED**.

DATED this ___ day of _____, 20__.

_____
United States District Judge